**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** | Case No.: 14 B 15022 |
| Kenneth R. Mannie, Sr. | Chapter: 13 |
| | Hearing Date: 6/26/14 |
| Debtor(s) | Judge Eugene R. Wedoff |

## NOTICE OF MOTION

TO:   Marilyn O. Marshall, Chapter 13 Trustee, 224 S Michigan, Ste 800, Chicago, IL 60604 by electronic notice through ECF

Kenneth R. Mannie, Sr., Debtor(s), 951 E. 193rd Street, Glenwood, IL 60425

Tyree V Wright, Attorney for Debtor(s), 105 W Madison 23rd Floor, Chicago, IL 60602 by electronic notice through ECF

   PLEASE TAKE NOTICE that on the 6/26/14, at 9:00AM, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Eugene R. Wedoff, Bankruptcy Judge, in the courtroom usually occupied by him/her at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, room 744, or before any other Bankruptcy Judge who may be sitting in his/her place and stead, and shall then and there present this Motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear is you so desire.

## PROOF OF SERVICE

   The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee and Debtor's attorney via electronic notice on June 19, 2014 and as to debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527, before the hour of 5:00 PM on June 19, 2014.

                                                                                /s/ Peter C. Bastianen
                                                                                Attorney for Movant

Berton J. Maley ARDC#6209399
Christopher J. Stasko ARDC#6256720
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Maria A. Georgopoulos ARDC#6281450
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-J832)**

NOTE: This law firm is deemed to be a debt collector.

# **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed below, as to the Trustee and Debtor's attorney via electronic notice on  June 19, 2014 and as to the debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on  June 19, 2014.

Marilyn O. Marshall, Chapter 13 Trustee, 224 S Michigan, Ste 800, Chicago, IL 60604 by electronic notice through ECF
Kenneth R. Mannie, Sr., Debtor(s), 951 E. 193rd Street, Glenwood, IL 60425
Tyree V Wright, Attorney for Debtor(s), 105 W Madison 23rd Floor, Chicago, IL 60602 by electronic notice through ECF

                                                        /s/ Peter C. Bastianen
                                                           Attorney for Movant

Berton J. Maley ARDC#6209399
Christopher J. Stasko ARDC#6256720
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Maria A. Georgopoulos ARDC#6281450
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-J832)**

NOTE: This law firm is deemed to be a debt collector.

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** | Case No.: 14 B 15022 |
| Kenneth R. Mannie, Sr. | Chapter: 13 |
| | Hearing Date: 6/26/14 |
| Debtor(s) | Judge Eugene R. Wedoff |

**MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY OR DISMISSAL
WITH 180-DAY BAR TO RE-FILING**

**NOW COMES** U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR QUEEN'S PARK OVAL ASSET HOLDING TRUST (hereinafter "Movant"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court pursuant to 11 U.S.C. §362(d)(4) for an <u>in rem</u> Order granting Movant relief from the automatic stay, and pursuant to 11 U.S.C. §§ 109 and/or 349(a) and 105 dismissing this case with 180-Day Bar to Re-filing, and in support thereof states as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, Eastern Division;

2. Debtor(s) filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 4/22/14;

3. Movant is a mortgage holder or servicer on the property commonly known as 951 E. 193rd Street, Glenwood, IL (hereinafter "subject property");

4. That enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. Section 362 of the Bankruptcy Code;

5. Since the inception of this mortgage, this is debtor's and/or spouse's fourth bankruptcy staying this Movant's state court foreclosure action in a 64 month period:

a. Bankruptcy CH-13 Case #09-03712 filed on 2/5/09 by Kenneth R. Mannie, Sr., Case was converted to a Chapter 7 on 1/27/10. Debtor was discharged on 6/1/10 and Case was terminated on 6/4/10.

b. Bankruptcy CH-13 Case #10-32090 filed on 7/20/10 by Kenneth R. Mannie, Sr. Case was dismissed on 4/28/11.

c. Bankruptcy CH-13 Case #13-44182 filed on 11/13/13 by Kenneth R. Mannie. Case was dismissed on 3/6/14.

d. Bankruptcy CH-13 Case #14-15022 filed on 4/22/14 by Kenneth R. Mannie, Sr., Case is currently active.

6. On 09/24/2007, Movant filed a complaint to foreclose on its mortgage against the above-described real estate. A Judgment was entered in state court foreclosure action on 7/9/2008;

7. Pursuant to said Judgment, a Judicial Sale was scheduled for 02/11/2009;

8. Movant was forced to cancel said sale due to the filing of bankruptcy case number 09-03712, six *(6)* days before the scheduled sale;

9. Subsequent to dismissal of the first bankruptcy, a second judicial sale was scheduled for 8/5/10. Movant was forced to cancel said sale due to the filing of the second bankruptcy case number 10-32090, sixteen (16) days before the scheduled sale*;*

10. Subsequent to dismissal of the second bankruptcy, a third judicial sale was scheduled for 11/15/13. Movant was forced to cancel said sale due to the filing of this third bankruptcy case number 13-44182, two (2) days before the scheduled sale;

11. Subsequent to the dismissal of the third bankruptcy, a fourth judicial sale was scheduled for 04/23/14. Movant was forced to cancel said sale due to the filing of this fourth bankruptcy case, two (2) days before the scheduled sale;

12. That there has been no change of circumstances between the dismissal of the first case, the pending case and the filing of the instant case, which would justify a FOURTH filing;

13. The debt owed Movant is increasing rapidly while the value of the property securing it is not;

14. That Debtor(s) history of serial filing without change of circumstances, Debtor(s) failure to comply with the provisions of Chapter 13 in any of his filings, and Debtor(s) failure to make any post-petition mortgage payments or Chapter 13 plan payments evidences bad faith and an abuse of the provisions, purposes and spirit of the Bankruptcy Code;

15. Pursuant to decisions of the United States Court of Appeals for the Seventh Circuit, filing of a Chapter 13 petition in bad faith constitutes grounds for dismissal "for cause" pursuant to 11 U.S.C. §1307(c) ;

16. Pursuant to 11 U.S.C. §349(a) and §105, this court has discretion to make dismissal of Debtor's case a dismissal with prejudice and 180-Day Bar to subsequent filings, and a finding of bad faith and improper filing by this court is good and sufficient cause for so ruling;

17. Pursuant to 11 U.S.C. §109, this Court has discretion to make dismissal of debtor's case a dismissal with 180-Day Bar to subsequent filings, and a finding of bad faith and that Debtor has failed to properly prosecute his cases by this Court is good and sufficient cause for so ruling;

18. That the filing of a fourth bankruptcy petition where Debtor has failed to meet the requirements of prior Chapter 13 Plans forcing Movant to cancel, reschedule and republish judicial foreclosure sales is evidence that the instant filing was undertaken for an "improper purpose" without actual ability to reorganize;

19. That Debtor(s) history of serial filing without change of circumstances, Debtor(s) failure to comply with the provision of Chapter 13 in any of his filings, Debtor(s) failure to make any post-petition mortgage payments or Chapter 13 plan payments, evidences that the filing of the instant bankruptcy petition is part of a scheme to delay, hinder and defraud Movant through multiple bankruptcy filings affecting the subject property and gives grounds for the Honorable Court to grant in rem relief pursuant to 11 U.S.C. §362(d)(4);

20. That further delay or the filing of additional bankruptcy proceedings will cause serious harm to Movant in attorneys fees and costs in any underlying foreclosure proceeding and no remedy other than a 180-day bar to re-filing or in rem relief will protect this Movant from this harm;

21. That sufficient grounds exist for said dismissal to be with 180-Day Bar to re-filing pursuant to 11 U.S.C. §109 and/or 11 U.S.C. §349(a) and §105 and to grant in rem relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4) and §105 for cause as:

   a. Movant is not adequately protected herein;
   b. Debtor's plan has been proposed in bad faith;
   c. Debtor or Debtor and Debtor's spouse's filing of this fourth petition in a(n) 64 month period without the ability to successfully reorganize constitutes and abuse of the bankruptcy process;

22. The Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Movant requests this Court so order;

23. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding which have been included in the calculation of any default figures quoted herein including:

   $850.00   for Preparation of Notice and Motion for Relief from the Automatic Stay, and prosecution of same
   $176.00   for Court filing fee

**WHEREFORE,** U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR QUEEN'S PARK OVAL ASSET HOLDING TRUST prays this Court enter an <u>in rem</u> Order pursuant to 11 U.S.C. §362(d)(4) modifying the automatic stay as to Movant or an Order dismissing this case with a 180-day bar to re-filing pursuant to 11 U.S.C. §§ 109 and/or 349(a) and 105, and for such other and further relief as this Court may deem just and proper.

Dated this June 19, 2014.

Respectfully Submitted,

Codilis & Associates, P.C.

By: <u>/s/ Peter C. Bastianen</u>

Berton J. Maley ARDC#6209399
Christopher J. Stasko ARDC#6256720
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Maria A. Georgopoulos ARDC#6281450
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-J832)**

NOTE: This law firm is deemed to be a debt collector.